TINA MARIE BRIDGERS v. WHITEVILLE APPAREL CORPORATION

No. 8413DC440

(Filed 18 December 1984)

**Master and Servant § 10.2— workers' compensation claim—retaliatory discharge—judgment on the pleadings proper**

Judgment on the pleadings for defendant in a retaliatory discharge action arising from a workers' compensation claim was appropriate where both the complaint and answer asserted that plaintiff had received permanent partial disability compensation. The plain and unambiguous language of G.S. 97-6.1(e) allows an employer to discharge an employee who has received permanent disability compensation. G.S. 1A-1, Rule 12(c).

APPEAL by plaintiff from *Wood, Judge.* Judgment entered 28 February 1984 in District Court, BLADEN County. Heard in the Court of Appeals 6 December 1984.

Plaintiff brought this action against defendant under G.S. 97-6.1 for retaliatory discharge. Her complaint made the following allegations: Plaintiff was injured while working for defendant and placed on leave of absence until 8 August 1983. She filed a workers' compensation claim for her injury. On 8 August 1983 plaintiff returned to work to find that she "no longer had her job with the [d]efendant, and the [d]efendant extended [her] leave of absence indefinitely." Plaintiff alleged that defendant discharged her for filing a claim for unemployment benefits after 8 August 1983. Defendant rehired her on 26 September 1983. On 28 September 1983 plaintiff reached a settlement with defendant's insurance carrier for permanent partial disability. Defendant fired her two days later, which she alleged was in retaliation for her workers' compensation settlement.

Defendant denied having ever discharged plaintiff.

The trial court granted defendant's motion for judgment on the pleadings pursuant to G.S. 1A-1, Rule 12(c). Plaintiff appealed.

*Hester, Johnson & Johnson, by H. Clifton Hester, for plaintiff, appellant.*

*Lee & Lee, by J. B. Lee, III, for defendant, appellee.*

HEDRICK, Judge.

Judgment on the pleadings is appropriate when all the material allegations of fact are admitted in the pleadings and only questions of law remain. *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E. 2d 494, 499 (1974). All facts and permissible inferences must be viewed in the light most favorable to the nonmoving party. *Id.*

Plaintiff contends the pleadings raise a factual issue as to whether she has a claim for relief under G.S. 97-6.1. That statute provides in pertinent part:

(a) No employer may discharge or demote any employee because the employee has instituted or caused to be instituted, in good faith, any proceeding under the North Carolina Workers' Compensation Act, or has testified or is about to testify in any such proceeding.

(b) Any employer who violates any provision of this section shall be liable in a civil action for reasonable damages suffered by an employee as a result of the violation, and an employee discharged or demoted in violation of this section shall be entitled to be reinstated to his former position. The burden of proof shall be upon the employee.

. . .

(e) The failure of an employer to continue to employ, either in employment or at the employee's previous level of employment, an employee who receives compensation for permanent disability, total or partial, shall in no manner be deemed a violation of this section.

The trial court granted judgment on the pleadings because both the complaint and answer asserted that plaintiff had received permanent partial disability compensation, thereby barring her statu-

tory claim under G.S. 97-6.1(e). North Carolina does not recognize a claim for relief apart from G.S. 97-6.1 for a discharge in retaliation for filing a workers' compensation claim. *Dockery v. Table Co.*, 36 N.C. App. 293, 244 S.E. 2d 272, *disc. rev. denied*, 295 N.C. 465, 246 S.E. 2d 215 (1978).

Plaintiff argues that G.S. 97-6.1(e) has no application to this case since the words "to continue" only apply where the employment relationship continued from the time of injury to the time of compensation. Her complaint alleges that her employment was not continuous from the time of her injury to the time she received her permanent disability settlement.

No reasonable construction of G.S. 97-6.1(e) supports plaintiff's argument. The disputed factual issue of whether she was discharged prior to her September rehiring and firing is not material to her claim for relief. The plain and unambiguous language of G.S. 97-6.1 allows an employer to discharge an employee who has received permanent disability compensation without being liable under G.S. 97-6.1(a) and (b) for retaliatory discharge. To state that the employment relationship must have been continuous from injury to compensation before the employer is entitled to the protection of G.S. 97-6.1(e) is to read words and meaning into the statute that were not stated or intended by the legislature. The allegation in plaintiff's complaint that she has received permanent partial disability compensation creates an insurmountable bar for any recovery under the statute.

Affirmed.

Judges WHICHARD and EAGLES concur.