■ DAWN SULLIVAN, Respondent, v ALAMO RENTAL CORPORATION, Appellant, et al., Defendants. [643 NYS2d 222] ■

The plaintiff was injured in an automobile accident which occurred in Florida, when the vehicle operated by the codefendant Jennifer Bloom, a friend whom she was visiting, collided with a vehicle operated by a Florida domiciliary, Dwight Horan. Horan had leased his vehicle from the codefendant Alamo Rental Corporation, a Florida-based corporation. The codefendant Bloom was a Florida domiciliary, as were her parents, the owners of the automobile she was driving and in which the plaintiff was a passenger.

Contrary to the Supreme Court's determination, the State of Florida has the greater interest in having its laws applied to the subject litigation (*see, Padula v Lilarn Props. Corp.,* 84 NY2d 519, 521; *Cooney v Osgood Mach.,* 81 NY2d 66; *Neumeier v Kuehner,* 31 NY2d 121, 128; *Reale v Herco, Inc.,* 183 AD2d 163). The significant contacts are clearly with the State of Florida and the application of Florida's law would comport with the reasonable expectations of the parties (*see, Cooney v Osgood Mach., supra,* at 78). Moreover, we find nothing in Florida's applicable laws which could be described as offensive to any relevant New York public policy; nor is there present in this matter any deeply rooted New York tradition which would be compromised upon the application of Florida law (*see, Cooney v Osgood Mach., supra,* at 78-79). Accordingly, the court erred in striking the fifth affirmative defense that Florida law governs this action.

In light of the foregoing determination, we do not reach the appellant's contention regarding the applicability of CPLR article 16. Thompson, J. P., Altman, Goldstein and McGinity, JJ., concur.