◼ GLADYS COLEMAN et al., Appellants, v ALAMO RENT-A-CAR, INC., Respondent, et al., Defendants. [660 NYS2d 733] —In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated July 22, 1996, as granted the cross motion of the defendant Alamo Rent-A-Car, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs, residents of Brooklyn, were allegedly injured in Virginia when a van in which they were traveling was involved in an accident. The van, which was being driven by the defendant Mary Gumbs, also a New York resident, had been rented in Queens from the defendant Tri-Boro Rental,

Inc. Another vehicle involved in the accident, an Oldsmobile, was being driven by the defendant Geraldo Takano, a resident of North Carolina. The Oldsmobile had been leased in North Carolina from the respondent Alamo Rent-A-Car, Inc. (hereinafter Alamo), a Florida corporation, by the nonparty Nancy Takano, who was apparently a California resident. Alamo, which does not dispute that the defendant Geraldo Takano was a permissive user of the Oldsmobile, was named as a defendant on the theory that, as owner of the Oldsmobile, it was vicariously liable for any negligence of Geraldo Takano pursuant to Vehicle and Traffic Law § 388. After issue was joined, Geraldo Takano moved and Alamo cross-moved for summary judgment dismissing the complaint. In the order appealed from, the Supreme Court, *inter alia,* dismissed the complaint insofar as asserted against Alamo, finding that Vehicle and Traffic Law § 388 was not applicable on the facts. We now affirm.

In *Klippel v U-Haul Co.* (759 F2d 1176), a case cited with approval by the Court of Appeals in *Fried v Seippel* (80 NY2d 32, 41), a New York plaintiff sought to invoke Vehicle and Traffic Law § 388 to impose vicarious liability on the U-Haul Company (hereinafter U-Haul) for injuries he sustained in South Carolina while a passenger in a truck rented from U-Haul in Florida. The truck, which was registered in Michigan, was rented for a one way trip from Florida to South Carolina. The driver was also a New York resident. In declining to apply Vehicle and Traffic Law § 388, the *Klippel* Court held that, to the extent that New York created statutory vicarious liability for owners of vehicles and required the procuring of insurance therefor, New York "may do so only if the owner or the vehicle has such a connection with New York as to warrant New York's exercise of its legislative powers. [New York] has little or no legitimate interest in providing additional security for the protection of innocent New York residents who are injured in other states while riding in vehicles having no connection with New York" *(Klippel v U-Haul Co., supra,* at 1182; *see also, Fried v Seippel, supra,* at 41). Indeed, the *Klippel* Court noted, although U-Haul did business in most, if not all States, the truck at issue was neither leased nor registered in New York. The Court held that, "[i]n such circumstances, though the injured plaintiff was a resident of New York, New York has little interest in regulating the rights and liabilities arising out of the Florida lease" *(Klippel v U-Haul Co., supra,* at 1182).

In the case at bar, the facts supporting the imposition of vicarious liability on Alamo pursuant to Vehicle and Traffic Law § 388 are even less compelling than the facts supporting

the imposition of such liability on U-Haul in *Klippel,* in that here the plaintiffs were not passengers in the vehicle against whose owner they seek to impose vicarious liability and the driver of that vehicle, Geraldo Takano, was not a resident of New York. Thus, as in *Klippel,* the application of New York law is not warranted. Further, as neither the law of Virginia nor the law of North Carolina would impose liability on Alamo based on the facts presented and the theories alleged *(see, Lumbermens Mut. Cas. Co. v Indemnity Ins. Co.,* 186 Va 204, 42 SE2d 298; *DeArmon v Mears Corp.,* 312 NC 749, 325 SE2d 223; *Beasley v Williams,* 260 NC 561, 133 SE2d 227; *Thompson v Three Guys Furniture Co.,* 122 NC App 340, 469 SE2d 583; NC Gen Stat § 20-71.1), the court properly granted summary judgment to Alamo. O'Brien, J. P., Ritter, Goldstein and Luciano, JJ., concur.