MICHAEL HARVELL, Plaintiff v. NORTH CAROLINA ASSOCIATION OF EDUCATORS, INC., Defendant

No. COA98-396

(Filed 19 January 1999)

**Employer and Employee— Family and Medical Leave Act— worksites for field representatives**

The worksites for field representatives of the NCAE are their branch offices rather than the NCAE headquarters in Raleigh for the purpose of determining whether the NCAE had fifty or more employees within seventy-five miles of its headquarters and was thus subject to the Family and Medical Leave Act at its headquarters worksite.

Appeal by plaintiff from judgment entered 29 October 1997 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 29 October 1998.

*Akins, Hunt & Fearon, P.L.L.C., by Donald G. Hunt, Jr., for plaintiff-appellant.*

*Allen & Pinnix, P.A., by M. Jackson Nichols, for defendant-appellee.*

WALKER, Judge.

Defendant North Carolina Association of Educators, Inc. (NCAE) is a non-profit corporation that is a member association providing services to North Carolina teachers who have voluntarily joined. Plaintiff was hired by defendant as a network systems programmer in May 1995. In June 1996, plaintiff's wife was pregnant and he requested twelve weeks of unpaid leave under the Family and Medical Leave Act (FMLA) by sending the request to his supervisor, William Newkirk. On 31 July 1996, he sent his request for leave to John Wilson, NCAE's Executive Director. After discussions, on 9 September 1996, Newkirk confirmed in writing the granting of plaintiff's leave request from 3 September 1996 until 3 November 1996. Newkirk also stated in the letter that ". . . employment of any sort while on FMLA time off is prohibited."

Plaintiff's leave of absence began on 3 September 1996 and at his request, plaintiff was allowed to exhaust the 12 days of his annual leave, 13 days of his sick leave, 5 days of compensatory leave, and 3 days of personal leave before going on unpaid leave on 16 October 1996. On 30 October 1996, the parties met and agreed that plaintiff would return to work on 2 January 1997. On 15 November 1996, plaintiff requested that the prohibition on secondary employment during his leave be removed. His request was granted; however, plaintiff testified that he did not seek any secondary employment from the date the restriction was removed until he returned to work. He also testified that he received at least two offers for work prior to the restriction being removed but he was unable to accept either of them. Plaintiff's employment was terminated by defendant in March 1997, which is not at issue in this case.

After his dismissal, plaintiff filed a complaint with the United States Department of Labor (USDOL) concerning an alleged FMLA violation by defendant for prohibiting him from working during his period of leave. During the USDOL's investigation, NCAE was informed that it was not subject to FMLA because it did not have 50 employees within 75 miles of the NCAE headquarters.

**HARVELL v. N.C. ASS'N OF EDUCATORS, INC.**

[132 N.C. App. 115 (1999)]

On 9 May 1997, plaintiff filed this action alleging that defendant violated FMLA. Defendant moved to dismiss under Rule 12(b)(6) which was converted to a motion for summary judgment. On 29 October 1997, the trial court ordered that defendant was entitled to summary judgment because there was "no material issue as to the material fact of whether Defendant NCAE employs less than 50 employees within 75 miles of the Raleigh headquarters worksite." On appeal, plaintiff contends the trial court erred when it granted summary judgment for defendant.

A motion for summary judgment "is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." *Thompson v. Three Guys Furniture Co.*, 122 N.C. App. 340, 344, 469 S.E.2d 583, 585 (1996) (*quoting* N.C. Gen. Stat. § 1A-1, Rule 56(c)). The party moving for summary judgment bears the burden of proving the lack of a triable issue of fact. *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989). The evidence is viewed in the light most favorable to the nonmoving party. *Davis v. Town of Southern Pines*, 116 N.C. App. 663, 666, 449 S.E.2d 240, 242 (1994), *disc. review denied*, 339 N.C. 737, 454 S.E.2d 648 (1995).

The FMLA provides that, under certain circumstances, an employer must allow an eligible employee to take up to twelve work weeks of leave during any twelve-month period. 29 U.S.C. § 2612(a)(1) (1994).

The statute defines an eligible employee as an employee who has been employed: "(i) for at least 12 months by the employer with respect to whom leave is requested under section 102; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A) (1994). However, an employee is not eligible if the employee is "any employee of any employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." 29 U.S.C. § 2611(2)(B)(ii).

Plaintiff argues that defendant's calculation of the number of employees within a 75-mile radius of the headquarters is incorrect since it failed to count all the people it employs as UniServ directors.

UniServ directors are field representatives of NCAE who work with local associations and although many perform their duties from offices located outside the 75-mile radius, all are headquartered in Raleigh.

Plaintiff contends that the worksite of the UniServ directors is at the headquarters in Raleigh for the following reasons: (1) they travel all the time and spend at least fifty percent of their time in the field away from the office; (2) they are essentially salespeople; (3) the remote office of a UniServ director is not a single site of employment since they are not required to report there daily, the offices do not have separate management, many UniServ offices only contain equipment, and only four of these offices have secretaries; (4) all UniServ directors receive their work assignments from Raleigh and report to a single manager; and (5) UniServ directors have significant contacts with the Raleigh headquarters.

However, in his affidavit, Wilson testified that 39 people were employed at the NCAE headquarters in Raleigh from June through November 1996. He also stated that seven employees worked at branch offices within the 75-mile radius of the headquarters. Further, the other 18 or 19 people, UniServ directors and support staff, employed by NCAE were located in branch offices beyond 75 miles of the headquarters. He stated that UniServ directors work throughout the state, but each is assigned "a fixed worksite which serves as their office and home base." He testified that his determination was consistent with the USDOL's representative's finding that the NCAE was not subject to FMLA because it employed less than 50 employees within a 75-mile radius of the NCAE headquarters. Sanford Younce, a UniServ director for 24 years based in Charlotte, also testified that although most UniServ directors travel every day, their "fixed worksite" or "point of origination" is their office even if they are not required to report there on a daily basis.

Plaintiff's evidence fails to refute defendant's determination that UniServ directors are assigned a fixed worksite which serves as their office and home base. Plaintiff's argument relies solely on his interpretation of the term "worksite" in the statute and fails to address the uncontested evidence of Wilson and Younce that the worksites for UniServ directors are their branch offices. Therefore, since there is no genuine issue of material fact, the trial court properly granted defendant's motion for summary judgment.

SEIPP v. WAKE COUNTY BD. OF EDUC.

[132 N.C. App. 119 (1999)]

Affirmed.

Judges JOHN and McGEE concur.