■ MARLA T. DARBY, Appellant, v AVIS RENT A CAR SYSTEM, INC., Respondent. [733 NYS2d 689] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Cowhey, J.), entered May 30, 2000, which granted the defendant leave to file its motion for summary judgment dismissing the complaint, and granted the motion.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in granting the defendant leave to file its motion for summary judgment dismissing the complaint. Although the defendant

filed its motion within 120 days after the filing of the note of issue (*see,* CPLR 3212), the trial court's more restrictive rule required the parties to file motions for summary judgment within 30 days of the filing of the note of issue. Nevertheless, the Supreme Court has the discretion to waive its own rule and we decline to disturb that discretion, especially in light of the plaintiff's failure to demonstrate any prejudice as a result of the short delay (*see, Samuel v A.T.P Dev. Corp.,* 276 AD2d 685; *Goodman v Gudi,* 264 AD2d 758; *Rossi v Arnot Ogden Med. Ctr.,* 252 AD2d 778).

On the merits, the Supreme Court properly granted the motion. The plaintiff, a New York resident, allegedly was injured in an automobile accident in South Carolina. The driver of the other automobile had rented the vehicle from a Florence, South Carolina, branch of the defendant. The plaintiff commenced this action against the defendant, the alleged de facto owner of the rented vehicle, pursuant to Vehicle and Traffic Law § 388 (1). South Carolina law, however, does not impose vicarious liability upon the owner of a vehicle for the negligence of the operator. The Court of Appeals has held that Vehicle and Traffic Law § 388 (1) should only apply if the owner of the vehicle has a sufficient connection with New York (*see, Fried v Seippel,* 80 NY2d 32). Because the car involved in the accident with the plaintiff was rented from an agency in South Carolina, and was operated in South Carolina, where the accident occurred, the State of South Carolina has the greater interest in having its laws applied to this litigation (*see, Fried v Seippel, supra*; *Coleman v Alamo Rent-A-Car,* 242 AD2d 256; *Sullivan v Alamo Rental Corp.,* 228 AD2d 430). Accordingly, the defendant could not be liable for the plaintiff's injuries. Ritter, J. P., H. Miller, Feuerstein and Prudenti, JJ., concur.