Margaret YOUNG, Appellant,

v.

U–HAUL COMPANY OF D.C., Appellee.

No. 09–CV–1526.

District of Columbia Court of Appeals.

Submitted Nov. 5, 2010.

Decided Jan. 6, 2011.

J. Kenneth Kruvant, Washington, DC, was on the brief for appellant.

Creighton R. Magid, Washington, DC, was on the brief for appellee.

Before GLICKMAN and OBERLY, Associate Judges, and PRYOR, Senior Judge.

OBERLY, Associate Judge:

Appellant, Margaret Young, asks us to adopt, as a matter of first impression in this jurisdiction, an interpretation of 18 DCMR § 1100.12 (1995) that would impose strict liability on companies such as U–Haul that rent vehicles in the District of Columbia if they fail to do more than require presentment of a facially valid driver's license from those seeking to rent vehicles from them. No other jurisdiction has adopted such a rule, and we decline to be the first (and only) one to do so. We therefore affirm the trial court's grant of summary judgment to the U–Haul Company of D.C.

## I. Facts and Procedural Background

The facts giving rise to this appeal are straightforward. On March 7, 2007, David Panchi struck and injured appellant Margaret Young, a pedestrian, while he was driving a rented U–Haul truck. When Panchi rented the truck, he presented to the U–Haul agent a facially valid, unex-

pired Virginia driver's license. At the time, Panchi's license had been suspended by the state of Virginia, although Panchi was unaware of that fact when he rented the truck.

Young brought an action in the Superior Court, alleging negligence against U–Haul and Panchi,[1] and negligent entrustment against U–Haul. U–Haul filed a motion to dismiss the negligence claim, which was granted in September 2007, and subsequently filed a motion for summary judgment on the negligent entrustment claim. Young then sought to amend her complaint to include a claim of negligence *per se* against U–Haul. On May 30, 2008, the trial court issued an Omnibus Order granting Young's motion for leave to file her amended complaint, but also granting U–Haul's motion for summary judgment with respect to all of Young's claims. Young appeals, arguing that U–Haul had a duty to investigate the validity of Panchi's license, and that 18 DCMR § 1100.12 imposes strict liability on defendants in U–Haul's position. Young's arguments are without merit, and we affirm the trial court's grant of summary judgment.

## II. Discussion

■ " 'In reviewing a trial court order granting a summary judgment motion, we conduct an independent review of the record, and our standard of review is the same as the trial court's standard in considering the motion for summary judgment.' " *Bruno v. Western Union Fin. Servs., Inc.*, 973 A.2d 713, 717 (D.C.2009) (quoting *Critchell v. Critchell*, 746 A.2d 282, 284 (D.C.2000)). Summary judgment is properly granted where " 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.' " *Bruno*, 973 A.2d at 717 (quoting Super. Ct. Civ. R. 56(c)). U–Haul, in moving for summary judgment, has the "burden of demonstrating clearly the absence of any genuine issue of fact...." *Bruno*, 973 A.2d at 717 (quotation marks omitted). Once that showing is made, "the burden shifts to [Young] to show the existence of an issue of material fact," *id.* (quotation marks omitted), which requires her to " 'produce at least enough evidence to make out a prima facie case in support of [her] position.' " *Id.* (quoting *Joeckel v. Disabled Am. Veterans*, 793 A.2d 1279, 1281–82 (D.C.2002)). Thus, in opposing U–Haul's motion for summary judgment, Young must " 'show that [she has] a plausible ground for the maintenance of the cause of action.' " *Bruno*, 973 A.2d at 717 (quoting *Nader v. de Toledano*, 408 A.2d 31, 48 (D.C.1979)).

## A. Negligent Entrustment

■ The elements of a negligent entrustment claim are: "(1) [t]he making available to another a chattel which the supplier (2) knows or should have known the user is likely to use in a manner involving risk of physical harm to others (3) [whom] the supplier should expect to be endangered by its use." *Phelan v. City of Mount Rainier*, 805 A.2d 930, 941 (D.C. 2002) (first alteration in original) (quotation marks omitted). There is no dispute that U–Haul lacked actual knowledge that Panchi's license was suspended at the time he rented the truck. The question is whether U–Haul should have known that renting to Panchi involved a risk of harm to others. The evidence demonstrated

---

1. Young's case against Panchi proceeded to a bench trial, the result of which was a judg-

ment for Young in the amount of $234,865.85.

that Panchi presented a facially valid Virginia driver's license prior to renting the truck and that he had rented from U–Haul multiple times in the past without incident. There also was nothing in the record to suggest that Panchi was impaired or incompetent when he rented the truck.

■ "Generally, negligent entrustment of a vehicle ... is imposed only where the owner entrusts the vehicle to one whose appearance or conduct is such as to indicate his incompetency or inability to operate the vehicle with care." *Drummond v. Walker*, 643 F.Supp. 190, 191 (D.D.C. 1986). Once U–Haul presented the above evidence "establishing that [Panchi] presented a facially valid, unexpired driver's license and that he did not appear physically or mentally impaired at the time of the rental, the burden shifted to [Young], as the opponent of the summary judgment motion, to come forward with evidence establishing a genuine issue of material fact for trial." *Cowan v. Jack*, 922 So.2d 559, 567 (La.Ct.App.2005).

■ Young has failed to demonstrate that Panchi's appearance or conduct should have alerted U–Haul of any risk of harm to others. Instead, she argues that U–Haul "was required to put forth evidence showing that U–Haul's failure to verify the validity of Panchi's license [with the Virginia DMV] was reasonable...." This argument fails because "[b]efore one can be required to make any inquiry, he or she must possess knowledge of some facts or circumstances to put him or her on notice." *Herbert v. Whittle*, 69 Md.App. 273, 517 A.2d 358, 367 (1986) (No negligent entrustment where there was "no evidence in the record of any circumstances known to [the entruster] that would have put a prudent person on inquiry respecting [the entrustee's] competence or experience as a driver."); *see also Cowan*, 922 So.2d at 569 (concluding that "a rental company[,] when

presented with a facially valid driver's license[,] has no duty to investigate the prospective customer's driving history").

## B. Negligence *Per Se*

■ Young also argues that 18 DCMR § 1100.12 imposes strict liability on U–Haul as the lessor of a vehicle who "authorize[d]" Panchi to drive its truck. 18 DCMR § 1100.12 provides:

> No person shall *authorize or knowingly permit* a motor vehicle owned by him or her or under his or her control to be driven by any person who is not authorized under the provisions of this title, or who is not licensed for the type or class of vehicles to be driven or in violation of any of the provisions of this chapter. [Emphasis added.]

Young argues that "the phrase 'authorize or knowingly permit' should be read as two separate concepts," so that when an owner like U–Haul "authorizes" an unlicensed driver to use a vehicle, that owner would be strictly liable under § 1100.12. However, an owner who merely "permits" another to use his or her vehicle would violate § 1100.12 if "permission was granted with knowledge that the intended driver was unlicensed." Young correctly notes that we have not yet interpreted § 1100.12 with regard to the meaning of "authorize or knowingly permit." We do so now.

■ "As a general rule, [w]here a statute contains two clauses which prescribe its applicability, and the clauses are connected by a disjunctive (*e.g.*[,] 'or'), the application of the statute is not limited to cases falling within both clauses, but will apply to cases falling within either of them." *Thompson v. Three Guys Furniture Co.*, 122 N.C.App. 340, 469 S.E.2d 583, 587 (1996) (first alteration in original) (quotation marks omitted). However, "[b]asic principles of statutory construction

require that the actual language of a statute be ignored or revised to avoid the absurdity that would result if it were read literally." *Gilmore v. United States,* 699 A.2d 1130, 1132 (D.C.1997) (citing *United States v. Brown,* 333 U.S. 18, 27, 68 S.Ct. 376, 92 L.Ed. 442 (1948)). In interpreting a nearly identical statute, the court in *Thompson* rejected the argument that a distinction could be drawn between "authorize" and "permit." 469 S.E.2d at 588 (holding that the words as used in the statute were "synonymous"). We agree with the *Thompson* court that "[t]o construe the statute as contended by [Young] would result in the absurd consequence of a court attempting to distinguish whether a person 'authorized' or 'permitted' a person to use a vehicle." *Id.* Therefore, we hold that "proof of the culpable mental state of knowingly is applicable to both 'authorize' and 'permit'" in 18 DCMR § 1100.12. *City of Brook Park v. Americargo, Inc.,* 59 Ohio App.3d 23, 570 N.E.2d 290, 293 (1989).[2]

Because Young has failed to put forth any evidence that U–Haul knew or should have known that Panchi's license had been suspended, the order of the trial court granting U–Haul's motion for summary judgment is

*Affirmed.*

---

2. Other jurisdictions also have declined to separately define "authorize" and "permit" when faced with the same statutory phrase. *See, e.g., Cowan,* 922 So.2d at 566 (holding that the entire statute "contains an actual knowledge standard"); *Suiter v. Epperson,* 6 Neb.App. 83, 571 N.W.2d 92, 104–05 (1997) (interpreting the "plain language" of the statute to prohibit "'knowingly' permitting or authorizing" an unlicensed driver to operate a vehicle); *City of Brook Park,* 570 N.E.2d at 293 (finding that "knowingly" applied to both "authorize" and "permit"); *Spencer v. Gamboa,* 102 N.M. 692, 699 P.2d 623, 624 (App. 1985) ("The language 'authorized or knowingly permit' means 'know or should have known.'"); *People v. Shapiro,* 4 N.Y.2d 597, 176 N.Y.S.2d 632, 152 N.E.2d 65, 68 (1958) ("The word 'knowingly' ... modifies the full body of the sentence in which it appears.").