NATASHA KATRISS MARSH BY AND THROUGH HER GUARDIAN AD LITEM BESSIE INEZ MARSH, PLAINTIFF v. WILLIAM HENRY TROTMAN, JR. AND STANDARD TRUCKING COMPANY, A DELAWARE CORPORATION, DEFENDANTS

No. 8820SC1327

(Filed 19 December 1989)

1. **Automobiles and Other Vehicles § 91.3 (NCI3d) — punitive damages claim — directed verdict improper — sufficiency of evidence of willful and wanton conduct**

   The trial court erred in directing verdict for defendants on plaintiff's punitive damages claim arising from injuries sustained in an automobile accident where the evidence tended to show that for no apparent reason defendant either intentionally or with reckless indifference to the consequences willfully drove his truck across the lawful path of plaintiff's approaching vehicle at a time and under circumstances which made a violent collision between the vehicles likely, and defendant pleaded guilty to driving his vehicle on the occasion involved "carelessly and heedlessly in willful and wanton disregard of the rights and safety of others in violation of N.C.G.S. § 20-140(a)."

   **Am Jur 2d, Damages § 749.**

**2. Trial § 52.1 (NCI3d) — injuries in automobile accident — inadequate damages — failure to set aside verdict — error**

In an action to recover for injuries sustained in an automobile accident, the trial court erred in failing to set aside $4,500 in compensatory damages awarded plaintiff for being inadequate as a matter of law, since that amount was less than her stipulated medical expenses, and there were consequences, including scarring, pain, and suffering, of defendant's negligence according to the uncontradicted evidence.

**Am Jur 2d, Damages § 1018.**

Judge BECTON concurring in the result.

APPEAL by plaintiff from *Seay, Judge.* Judgment entered 1 September 1988 in Superior Court, MOORE County. Heard in the Court of Appeals 7 June 1989.

*McCrann & Craven, by Michael J. McCrann, and Pollock, Fullenwider, Cunningham & Patterson, by Bruce T. Cunningham, Jr., for plaintiff appellant.*

*Taylor & Taylor, Philadelphia, Pennsylvania, by William J. Taylor and John F. Fox, Jr., and Bell, Davis & Pitt, by Joseph T. Carruthers, for defendant appellees.*

PHILLIPS, Judge.

In April 1987 plaintiff, then three years old, was injured when a Honda automobile she was riding in was hit by a tractor-trailer driven by the individual defendant and owned by the corporate defendant. In suing defendants for her injuries she alleged that the tractor trailer was operated willfully and wantonly as well as negligently, and asked to recover both compensatory and punitive damages. The action was tried with that of her grandmother, Lula Mae Marsh, also injured in the collision, and the estate of her uncle, Terry Marsh, who was driving the car and died following the crash. At the end of all the evidence the punitive damages claims of all three plaintiffs were dismissed by a directed verdict, the jury found that the collision was due to the negligence of the defendants, and awarded plaintiff $4,500, Lula Mae Marsh $25,000 and the estate of Terry Marsh $435,000. Judgments on the verdict were entered and those of the other two plaintiffs have been complied with. Plaintiff's appeal is from the denial of her motion to

set the damages verdict aside for being inadequate as a matter of law and the dismissal of her claim for punitive damages.

[1]   First, we address the court's ruling on the punitive damages question. The law applicable to the question is plain and well established, though often difficult to apply. Punitive damages are allowable for injuries caused by the willful or wanton operation of a motor vehicle. *Hinson v. Dawson*, 244 N.C. 23, 92 S.E.2d 393 (1956). Willfulness imports a deliberate failure to discharge a duty imposed by law for the safety of others. *Brewer v. Harris*, 279 N.C. 288, 182 S.E.2d 345 (1971). Wantonness imports a reckless and heedless disregard for the rights and safety of others. *Pleasant v. Johnson*, 312 N.C. 710, 325 S.E.2d 244 (1985). "An act is wanton when it is done of wicked purpose, *or when done needlessly, manifesting a reckless indifference to the rights of others.*" (Emphasis supplied). *Wagoner v. North Carolina Railroad Company*, 238 N.C. 162, 167, 77 S.E.2d 701, 705 (1953). The claim for punitive damages is based upon allegations that the tractor-trailer was willfully and wantonly operated on the wrong side of the highway in the face of plaintiff's approaching vehicle in violation of several safety statutes, including G.S. 20-140, the reckless driving statute.

The evidence bearing upon these allegations, supplied mostly by motorists who were following the two principal vehicles involved, indicates the following when viewed in the light most favorable to the plaintiff, *Shugar v. Guill*, 304 N.C. 332, 283 S.E.2d 507 (1981): About 5:40 o'clock on a clear, dry morning the Honda automobile plaintiff was riding in, followed by another car, was traveling south on U.S. Highway 1, near the town of Apex some distance north of the New Hill Exit. At that point the highway had two lanes—one for northbound traffic, the other for southbound; plaintiff's vehicle and the other car were both in the southbound lane, had their headlights on, and could be seen from about a half mile away. About the same time defendant company's tractor-trailer, followed by another vehicle, was traveling north on the same highway some distance south of the New Hill Exit. Though the highway had only two lanes at that point, one for northbound traffic, the other for southbound, for a quarter of a mile or more before the New Hill Exit was reached the tractor-trailer, operated by defendant Trotman, weaved or meandered back and forth across the highway from shoulder to shoulder at a speed of about 50 or 55 miles per hour. At the New Hill Exit Highway 1 widened to four lanes and while that condition lasted the tractor-trailer

proceeded in a normal manner. As the highway narrowed to two lanes again upon leaving New Hill area it bore slightly to the right. At that point the truck continued on the line it was on straight across the highway; when about four feet beyond the center line the truck crashed into plaintiff's Honda and the car following it. All three vehicles came to rest on the west shoulder of the highway.

This evidence, in our view, is sufficient to support an award of punitive damages. For it tends to show that: For no apparent reason defendant Trotman either intentionally or with reckless indifference to the consequences willfully drove the truck across the lawful path of plaintiff's approaching vehicle at a time and under circumstances that made a violent collision between the vehicles likely. The evidence does not establish as a matter of law, though a jury could so infer if it chose, that defendant Trotman was merely inadvertent—either by failing to observe the approaching vehicles or the lay of the highway, by failing to control the vehicle, by failing to drive on the right half of the highway, or perhaps even by dropping off to sleep, though this is not mentioned in the evidence. Nor does the evidence establish or even suggest that the bizarre course driven was due to some defect in the vehicle; or that Trotman was distracted by other traffic or something on or near the highway; or that he did not intend to drive as he did. That the truck was in Trotman's control from the time it first began weaving across the highway from shoulder to shoulder until it again for no apparent reason headed across the highway in front of plaintiff's approaching vehicle supports the inference that he so drove in wanton disregard of the rights and safety of those in the car. And for that matter, Trotman admitted as much by pleading guilty to driving his vehicle on the occasion involved "carelessly and heedlessly in willful and wanton disregard of the rights and safety of others in violation of N.C.G.S. 20-140(a)." Though the plea in the criminal case is not binding upon Trotman in this one it is evidence, in the nature of an admission, that he operated the tractor-trailer with reckless indifference to plaintiff's rights and safety. *Grant v. Shadrick*, 260 N.C. 674, 133 S.E.2d 457 (1963); 2 Brandis N.C. Evidence Sec. 177 (1988); 31A C.J.S. *Evidence* Sec. 300(b) (1964). Thus, this evidence from defendant Trotman raised an issue of fact on the punitive damages claim, as did the evidence of following motorists summarized above.

[2] The court also erred in not setting aside the $4,500 compensatory damages awarded plaintiff for being inadequate as a matter of law. For that amount is less than her stipulated medical expenses of $4,727.58, and there were other consequences of defendant's negligence according to the uncontradicted evidence, including: Bleeding from the nose, ears and mouth immediately following the collision; a lacerated spleen; a deep laceration of the forehead all the way to the bone which required surgery and left a permanent scar eight to ten centimeters long; and four days spent in the hospital, two in intensive care. In charging the jury on the damages plaintiff was entitled to if they found that she was injured due to the defendants' negligence, the trial judge stated, among other things, that: "Such damages include on this, the fifth issue as to Natasha Marsh, the hospital and medical expenses, the scarring, and the pain and suffering." In awarding plaintiff less than her hospital and medical expenses and nothing at all for her injuries and their consequences, the jury could not have followed the court's instructions and it was error not to set the award aside. In *Robertson v. Stanley*, 285 N.C. 561, 206 S.E.2d 190 (1974), substantially the same question and situation was involved, and our Supreme Court invalidated the verdict as a matter of law, but ordered a new trial on all issues because it was thought likely that the verdict resulted from a compromise on the negligence and contributory negligence issues. No such likelihood exists in this case for obvious reasons, and a retrial of only the compensatory damages issue is ordered, along with a trial of the punitive damages issue erroneously kept from the jury during the first trial.

We are mindful, of course, that a minor child's medical expenses are not usually sued for by the child, but by the parent or guardian, or other person responsible for them. *White v. Comrs. of Johnston County*, 217 N.C. 329, 332-33, 7 S.E.2d 825, 827 (1940). In this case, however, though not specifically alleged, the jury, with the apparent approval of the court and the parties, was permitted to consider the medical expenses of this plaintiff, now just five years old. Why this was done the record does not show; but since the trial was conducted on this basis and no question about it was raised by either the defendants or the court we assume that the court and the parties had good reason and will not interfere.

The order dismissing plaintiff's claim for punitive damages is vacated; the verdict as to plaintiff's compensatory damages is

MARSH v. TROTMAN

[96 N.C. App. 578 (1989)]

set aside; and the case is remanded to the Superior Court for a new trial on the ·compensatory and punitive damages issues.

New trial.

Judge LEWIS concurs.

Judge BECTON concurs in the result.

Judge BECTON concurring in the result.

Ordinarily, neither a momentary driving miscalculation nor mere inadvertence should expose a person to punitive damages. In this case, however, plaintiff produced evidence from which the jury could have concluded that defendant's erratic driving for an extended period of time exceeded simple negligence and was in reckless disregard of the rights of others and, therefore, wanton. For example, one witness entered U.S. 1 behind the tractor-trailer at the Merry Oaks exit and continued following it North to the New Hill exit. Although there were "right many places" for cars and trucks to pull off onto the shoulders of the road, the truck driver did not do so. Rather, according to the witness, "[t]he truck meandered all over the highway from shoulder to shoulder, ditch to ditch. It continued in the southbound lane in a northerly direction for at least a quarter of a mile or more. It just went back and forth all over the road." Later, when there were more than just two lanes, the witness passed the truck but continued to watch it in his mirror. Still later, the witness saw the truck cross the center line again. Defendant's truck crashed into two cars, not one car. When it struck the first car, "[t]he nose of the truck was completely across the yellow line . . . , and its right rear tires were on the yellow line. Its front tires were completely across the yellow lines."

Believing that the punitive damages issue should have been submitted to the jury, I concur.