ROBBIE McCRAE WILBURN, Plaintiff v. TED WALLACE HONEYCUTT, Defendant

No. COA98-1362

(Filed 19 October 1999)

**1. Negligence— contributory—accident—directed verdict improper—evidence not clearly established**

The trial court erred in granting defendant's motion for directed verdict in an accident involving defendant-motorist and plaintiff, who was riding a horse, on the issue of plaintiff's contributory negligence because taken in the light most favorable to plaintiff and resolving all inconsistencies in his favor, the evidence is not so clearly established that plaintiff had the opportunity to move off the road to avoid the accident.

**2. Negligence— willful and wanton conduct—accident—directed verdict improper—reasonable persons could differ**

The trial court erred in granting defendant's motion for directed verdict in an accident involving defendant-motorist and plaintiff, who was riding a horse, on the issue of defendant's willful and wanton conduct since reasonable persons could differ on their conclusion based on the evidence that: (1) defendant intentionally or with reckless indifference to the consequences

did not slow down and willfully ran into plaintiff; and (2) defendant drove on without stopping, knowing he hit plaintiff and his horse.

Appeal by plaintiff from judgment entered 27 April 1998 by Judge Wiley F. Bowen in Harnett County Superior Court. Heard in the Court of Appeals 25 August 1999.

*E. Gregory Stott for plaintiff-appellant.*

*Yates, McLamb & Weyher, L.L.P., by R. Scott Brown, Michael W. Washburn and Michael J. Byrne, for defendant-appellee.*

LEWIS, Judge.

This appeal arises out of an accident that occurred between plaintiff and defendant on the morning of 15 January 1996 in Harnett County, North Carolina. On 4 March 1996 plaintiff filed this action alleging that defendant operated his vehicle negligently as well as willfully and wantonly and asking to recover both compensatory and punitive damages. Defendant answered and asserted the defense of contributory negligence.

At the close of plaintiff's evidence, defendant moved for directed verdict on the issues of contributory negligence and willful and wanton conduct. The trial court granted the motion without specifying on which ground and entered judgment for defendant. After a careful review of the record and briefs, we reverse.

At trial, the evidence tended to show that plaintiff and nine others were riding horses down a long, straight, single-lane dirt road. Plaintiff, who had six to seven years of experience riding horses, rode last in the group, about 40 yards behind the first rider. Defendant was driving a truck meeting the group along the same road. When defendant's truck reached plaintiff, having passed the others, the side mirror and rear bumper struck the horse, causing the horse and rider to fall. Defendant did not stop, but drove one-half mile down the road and parked his truck. Plaintiff and others from the group followed to speak with defendant about the accident.

On appeal, plaintiff argues that the trial court erred in granting a directed verdict for defendant. In reviewing the trial court's ruling on appeal, the scope of review is limited to those grounds argued by the moving party before the trial court. *Winston v. Brodie*, 134 N.C. App. 260, ——, 517 S.E.2d 203, 206 (1999). Accordingly, we will address the

trial court's grant of directed verdict on the issues of contributory negligence and willful and wanton conduct.

On a defendant's motion for directed verdict, the trial court must determine whether the evidence, when considered in the light most favorable to the plaintiff, is sufficient to take the case to the jury. N.C. Gen. Stat. § 1A-1, Rule 50(a) (1990); *Smith v. Wal-Mart Stores*, 128 N.C. App. 282, 285, 495 S.E.2d 149, 151 (1998). The jury must resolve any contradictions or discrepancies in the evidence, even when arising from plaintiff's evidence. *Clark v. Bodycombe*, 289 N.C. 246, 251, 221 S.E.2d 506, 510 (1976).

[1] For issues of contributory negligence, a motion for directed verdict is appropriate when the "plaintiff's evidence, considered in the light most favorable to him, together with inferences favorable to him that may be reasonably drawn therefrom, so clearly establishes the defense of contributory negligence that no other conclusion can reasonably be drawn." *Peeler v. Railway Co.*, 32 N.C. App. 759, 760, 233 S.E.2d 685, 686 (1977). The issue of contributory negligence is ordinarily a question for the jury rather than an issue decided as a matter of law. *Champs Convenience Stores v. United Chemical Co.*, 329 N.C. 446, 456, 406 S.E.2d 856, 862 (1991).

The defendant argues that the directed verdict should be sustained on the issue of contributory negligence because the evidence supports an inference that plaintiff had the opportunity to move off of the road to avoid the accident. Although there is evidence that defendant's truck was at least 150 yards away when plaintiff first saw him, plaintiff testified that he did not have time to move out of defendant's way; at almost the same moment plaintiff began to clear the roadway, he heard a motor accelerate and saw defendant's truck coming at him. Taken in the light most favorable to plaintiff and resolving all inconsistencies in his favor, the evidence of contributory negligence is not so clearly established that no other reasonable inference can be drawn. *Peeler*, 32 N.C. App. at 760, 233 S.E.2d at 686. We conclude, therefore, the trial court improperly granted defendant's motion for directed verdict as to the issue of contributory negligence.

[2] Plaintiff next argues that the trial court erred in granting defendant's motion for directed verdict on the issue of willful and wanton conduct. The record must be reviewed to determine whether there is sufficient evidence which, considered in the light most favorable to the plaintiff, would establish facts sufficient to constitute willful and

wanton negligence. If the facts are such that reasonable persons could differ as to whether the evidence amounts to willful or wanton conduct, the question is properly preserved for the jury. *Siders v. Gibbs*, 39 N.C. App. 183, 186, 249 S.E.2d 858, 860 (1978).

An act is willful when there is a deliberate failure to discharge a duty imposed by law for the safety of others. Wantonness indicates a reckless and heedless disregard for the rights and safety of others. *Marsh v. Trotman*, 96 N.C. App. 578, 580, 386 S.E.2d 447, 448, *disc. review denied*, 326 N.C. 483, 392 S.E.2d 91 (1990). Plaintiff testified that after the accident, plaintiff and defendant had the following conversation:

> A. I said, do you care about horses. He said, not particularly. I said, do you know you struck me and my horse back there. He said, yes. This is my damn land and I'll do any damn thing I want to. That's a quote. And I'm just, like, okay. And I don't know why I asked this either, I said, does that include horses and kids. He said, yeah, I'll do what it takes. And I'm just really—I'm floored at this point that this man is telling me he hit me and he knows it. And he would do it again.

(Tr. at 16). Plaintiff also offered testimony from another rider who saw the accident and witnessed the conversation between plaintiff and defendant as follows:

> A. Well, [plaintiff] asked him didn't he see the children and all of us on horses. And he said, yes.
>
> Q. What did he say next?
>
> A. And [plaintiff] asked him, well, why didn't you slow down for us. He said because this is my land and I do what I want on my land.

(Tr. at 76-77).

Viewed in the light most favorable to plaintiff and resolving all discrepancies in plaintiff's favor, the evidence tends to show that defendant was driving on a long, straight road with no obstructions, that he saw plaintiff and his horse, and either intentionally or with reckless indifference to the consequences did not slow down and willfully ran into them. Furthermore, the testimony that defendant drove on without stopping, knowing he hit plaintiff and his horse tends to show that defendant heedlessly disregarded plaintiff's

safety. Plaintiff also testified that the defendant proceeded at a reasonable speed and did not deviate from his path or veer toward the riders. Since the facts are such that reasonable persons could differ as to whether the evidence amounts to willful or wanton conduct, the question is more properly left for the jury to resolve. *Siders*, 39 N.C. App. at 186, 249 S.E.2d at 860. Accordingly, the trial court erred in granting defendant's motion for directed verdict on the issue of willful and wanton conduct. The cause is reversed and remanded for trial.

Reversed and remanded.

Judges MARTIN and HUNTER concur.